10-1887-pr
Phelan v. Thomas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Kenneth J. Phelan,

> *Plaintiff-Appellant*,

> v.                                                                  10-1887-pr

R. Thomas, Correctional Officer, AKA Fat Boy; Hersh, Correctional Officer; M. Scott, Correctional Officer; Pam Ramond; Goodman, Lieutenant, Mt. McGregor Correctional Facility; Fletcher, Mt. McGregor Correctional Facility; Cambell, Sergeant; J. Michaels, Sergeant, Mt. McGregor Correctional Facility; William Haggett, Superintendent, Mt. McGregor Correctional Facility; Gregory Kadien, Superintendent, Gowanda Correctional Facility; P. Millson; Brian Fischer, Commissioner, Department of Corrections; James Morgan, Associate Director, Office of Mental Health; R. Regan, Correctional Officer, Gowanda Correctional Facility; Acosta-Ortiz, Correctional Officer, Gowanda Correctional Facility; B. Pawelczak, Civilian

Hearing Officer, Gowanda Correctional Facility;
Bangsil, Doctor, Gowanda Correctional Facility;
Ambrorlosi, Nurse, Gowanda Correctional Facility;
New York State; Stachewiez, Lieutenant, Gowanda
Correctional Facility,

*Defendants-Appellees.*[*]

_____

FOR PLAINTIFF-APPELLANT:     Kenneth J. Phelan, *pro se*, Romulus, NY.


Appeal from a judgment of the United States District Court for the Northern District of

New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **REVERSED**, and the case is

**REMANDED** for further proceedings.

Plaintiff-appellant Kenneth J. Phelan, proceeding pro se, appeals the district court's sua

sponte dismissal of his complaint asserting claims under the Americans with Disabilities Act, 42

U.S.C. § 12112 *et seq.* ("ADA"). We assume the parties' familiarity with the underlying facts,

procedural history of the case, and issues on appeal, and repeat them only as necessary to explain

our decision.

This Court reviews a district court's sua sponte dismissal of a complaint de novo. *See*

*McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). The complaint must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be

_____

[*] The Clerk of the Court is respectfully directed to amend the caption to conform to the listing of the parties above.

2

true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where, as here, plaintiffs proceed pro se, courts must construe their complaints liberally, reading them with "special solicitude" and interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To prove a violation of Title II, a party must therefore establish: (1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003).

The district court concluded that Phelan, who is currently incarcerated, failed to satisfy these requirements at the pleading stage because his "conclusory allegations that he was discriminated against *because of* his disability [were] insufficient to state a plausible claim for discrimination under the ADA." The court therefore dismissed Phelan's complaint sua sponte.

Having conducted an independent review of the record and relevant case law, we conclude that the district court erred. Phelan alleges in his complaint that the defendants – various prison employees – failed to "make alterations to accommodate [his] disability,"

3

retaliated against him, denied him his "right to receive mental health care and to see a psychiatrist," and harassed him, all because of his disability. *See* Compl. 1-6.[1] He alleges that he has "been diagnosed with having Attention Deficet [sic] Disorder, and a Traumatic Brain Injury," that he has "a nerological imparment [sic]," and that he "was on SSD + SSI my whole adult life, and was receiving services from VESID" (presumably a reference to Vocational and Educational Services for Individuals with Disabilities). *Id.* at 5. Thus, Phelan has pled sufficient facts about his disabilities to establish, at least at the pleading stage, that he is an ADA-qualified individual.

In addition, Phelan has alleged that he was denied access to public services at the prison, that he suffered retaliation when he complained, and that his alleged mistreatment was due to his disability. He alleges, for example, that a prison psychologist "flatly denie[d] [him] treatment," *id.* at 19, that another doctor told him to "get out, we don't treat retards," *id.* at 21, and that a correction officer refused his request to file a grievance, allegedly telling Phelan: "Oh, you're that fucking retard that wants treatment. We don't allow fucking inmates to file grievances." *Id.* at 7. Other correction officers allegedly told Phelan that "they don't allow retards to file grievances." *Id.* at 8; *see also id.* at 9-12.

Taken together, these allegations and others in the complaint satisfy the pleading requirements for an ADA discrimination claim, particularly one brought by a pro se plaintiff. Phelan has alleged specific facts to show that he is an ADA-covered individual; that he was excluded from participation in mental health, library, and other services at the prison, and

---

[1] All citations to the complaint are to the page numbers automatically assigned by the district court's Civil Management Electronic Case Filing (CM/ECF) system.

suffered retaliation when he attempted to complain about his treatment; and that the alleged

discriminatory treatment and retaliation were due to his disability.  Phelan's complaint sets out

sufficient facts to allow a court "to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  The district court therefore erred in

dismissing Phelan's pro se complaint sua sponte.

Accordingly, we **REVERSE** the judgment of the district court and **REMAND** this case

for further proceedings consistent with this order.  Upon remand, the district court should

consolidate this case with Phelan's parallel 42 U.S.C. § 1983 suit, *Phelan v. Hersh*, 10-cv-11

(N.D.N.Y.), and appoint counsel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5